**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KARIM FARUQ, | : | Civil No.  10-6768 (NLH) |
| Petitioner, | : |  |
| v. | : | **OPINION** |
| WARDEN DONNA ZICKEFOOSE, | : |  |
| Respondent. | : |  |

**APPEARANCES:**

    KARIM FARUQ, Petitioner pro se
    # 27350-037
    FCI Fort Dix West
    P.O. Box 7000
    Fort Dix, New Jersey 08640

    ELIZABETH ANN PASCAL, AUSA
    U.S. DEPARTMENT OF JUSTICE, U.S. ATTORNEY'S OFFICE
    401 Market Street, P.O. Box 2098
    Camden, New Jersey 08101
    Counsel for Respondent

**HILLMAN, District Judge**

Petitioner, Karim Faruq ("Faruq"), presently confined at FCI Fort Dix in Fort Dix, New Jersey, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3), challenging the Federal Bureau of Prisons' ("BOP") denial of petitioner's request for a transfer to a minimum security facility based on his custody classification.  The named respondent is the Warden at FCI Fort Dix, where Faruq was confined at the time he filed his habeas petition.  This Court has reviewed the petition and

the answer and relevant record provided by Respondent, and Faruq's reply in support of his petition, and for the reasons stated below, finds that the petition should be dismissed for lack of subject matter jurisdiction.

## I. BACKGROUND

Faruq is a federal prisoner designated to FCI Fort Dix. On December 20, 1993, Faruq was sentenced in the United States District Court for the District of Maryland to a 385-month prison term with a five year term of supervised release for Conspiracy to Distribute and Possession with Intent to Distribute Heroin and Cocaine, in violation of 21 U.S.C. § 846; Income Tax Evasion, in violation of 21 U.S.C. § 7201; Money Laundering and Aiding & Abetting, in violation of 18 U.S.C. § 1956(a)(1)(B)(I) and 18 U.S.C. § 2; and Distribution of a Mixture Containing Heroin, in violation of 21 U.S.C. § 841(a). Faruq's projected release date is December 14, 2019. (Declaration of Tara Moran, at ¶ 6 and Exhibit 1).

Faruq was initially designated to the United States Penitentiary ("USP") Terre Haute, Indiana, in 1994, where he remained for 45 to 60 days before he was transferred to USP Allenwood in Pennsylvania. At Faruq's initial designation, his offense level was scored as Greatest Severity. He also initially scored with a Sentence Length Public Safety Factor ("PSF") because more than twenty years remained on his sentence. Faruq

alleges that at his first custody classification hearing, his offense level was reduced from Greatest Severity to High Severity.

In 1996, Faruq was transferred to FCI Cumberland in Maryland.  In 2000, BOP Program Statement ("PS") 5100.07, <u>Security Classification and Designation Manual</u>, was amended.[1]  At that time, a custody classification hearing was held and Faruq's offense level was reduced to Moderate.  Faruq was then transferred to FCI Fort Dix.  Faruq alleges that, when he was transferred to FCI Fort Dix, a management variable was placed on him for Greater Severity because his custody points were five, which is a Minimum Security level, but Faruq had more than ten years remaining on his sentence.

Faruq states that, pursuant to BOP PS 5100.08, an inmate must have no more than ten years remaining on his sentence before he may be transferred to a Minimum Security facility.  After ten custody classification reviews, a custody review must be performed once a year.

A custody classification review was conducted on September 30, 2009, and it was determined that Faruq's offense level should remain as Moderate Security.  Thereafter, Faruq requested to be transferred to a minimum security facility camp.  On May 3, 2010, Faruq's Unit Team denied his request and raised Faruq's offense

---

[1] PS 5100.07 was replaced by PS 5100.08 in 2006.

level from Moderate to Greatest Security, which resulted in a PSF placed against him prohibiting his transfer to a Minimum Security facility or participating in any community programs.

Faruq proceeded to exhaust his administrative remedies to have his custody classification or offense level reduced so that he can be transferred to a Minimum Security facility camp.  On June 9, 2010, Faruq filed his BP-8 Administrative Remedy Informal Resolution Form, which was answered by the Unit Manager on June 17, 2010.  Faruq appealed the informal decision on June 30, 2010.

On August 9, 2010, Warden Donna Zickefoose responded to Faruq's Administrative Remedy as follows:

> A review of this matter reveals you were originally scored with a Greatest Severity as noted on your security designation data form dated January 5, 1994.  During your most recent program review meeting, you requested placement in a Minimum level facility.  Your case manager reviewed your central file materials to determine your appropriateness and noticed your offense conduct behavior met the criteria for Greatest Severity, not Moderate.  Specifically, your Presentence Investigation Report identifies you as a leader or organizer of an organization that included numerous individuals and was responsible for distributing 3.71 kilograms of heroin and five kilograms of cocaine.  You organized and directed the organization, had the greatest decision making authority and received the largest share of the profits.  While you claim you worked for a high level supplier, the PSI is clear that your organization received its drugs from a supplier and then distributed those drugs for your organization's benefit.  Program Statement 5100.08, Appendix A, page 1, and Appendix A, page 5, dated September 12, 2006, are clear that your role in the offense and the quantity of drugs involved are best classified as Greatest.  Although your severity was reduced from Greatest to Moderate during your confinement at USP Allenwood, Pennsylvania, it is unclear why that was done and there is no documentation in your file to support the reduction.  Your offense severity is appropriately

>classified as Greatest.  Accordingly, your request is denied.

Faruq filed a Regional Administrative Remedy Appeal on August 26, 2010.  On September 17, 2010, the Regional Director, J.L. Norwood, responded as follows:

>You appeal the response from the Warden at FCI Fort Dix regarding the application of the Greatest Severity Public Safety Factor (PSF).  You contend you were not a leader/organizer of the drug conspiracy.  You further contend this PSF was removed previously.  As relief, you request all staff who had access to your classification materials be interviewed regarding this matter.
>
>Program Statement 5100.08, <u>Security Designation and Custody Classification Manual</u>, permits staff to use professional judgment within specific guidelines in making classification decisions.  To accomplish this, staff must consider all available information regarding the inmate to include security/custody classification, release residence, institution population levels, judicial recommendations, safety concerns and any information provided by other law enforcement agencies.  The application of a PSF overrides security point scores to ensure the appropriate security level is assigned to an inmate, based on his or her demonstrated current or past behavior.
>
>Records indicate you are serving 385 months for a Narcotics Conspiracy.  Your Presentence Report (PSR) identifies you as the organizer or leader in the instant offenses.  The PSR documents the amount of narcotics involved in the offenses were converted into the marijuana equivalent and utilized for computation purposes.  Specifically, you are responsible for 3,705 kilograms of marijuana equivalent.  In conjunction with your leadership role in the instant offenses, this amount of narcotics requires the Greatest Severity PSF be applied.  Based on this information, you are appropriately assigned the Greatest Severity PSF and are inappropriate for placement at a minimum security facility.  Although you contend this decision is erroneous, you have failed to provide any evidence to support your claims.  Accordingly, your appeal is denied.

Faruq thereafter filed a Central Office Administrative Remedy Appeal on September 30, 2010.  There is no attached response to either the petition or with the Respondent's answer.  Respondent concedes, however, that Faruq has exhausted his administrative remedies in this regard.

On December 28, 2010, Faruq filed this habeas petition, pursuant to 28 U.S.C. § 2241.  He claims that the BOP's decision regarding his custody classification and denial of transfer to a minimum security facility violates his due process and equal protection rights under the Fifth Amendment.

Respondent answered the petition on March 4, 2011, and provided the relevant record.  Respondent argues that the Court lacks subject matter jurisdiction over the petition because it does not challenge the fact or duration of Faruq's confinement.  Alternatively, Respondent contends that Faruq's due process claim should be dismissed because Faruq does not have a protected interest in his custody classification or any particular place of confinement.  Further, the equal protection claim should be dismissed because Faruq has failed to articulate how the BOP staff have treated Faruq differently from other similarly situated inmates.

Faruq filed a reply on March 23, 2011.  He also filed a motion for leave to file a late supplemental appendix to include two letters written on Faruq's behalf by his Congressman C.A.

6

Dutch Ruppersberger, inquiring as to the status of Faruq's claims.

## II. ANALYSIS

A. Standards of Review

Faruq brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

B. Lack of Jurisdiction

A habeas petition is the proper mechanism for an inmate to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of

7

confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997).  See also Wilkinson v. Dotson, 544 U.S. 74 (2005).  Habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence.  See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).  In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action.  See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein.

In this case, however, Faruq's challenge regarding his custody classification or PSF does not affect the fact or the length of his incarceration.  Similarly, his request for transfer to a minimum security facility does not affect the fact or length of his confinement.  Consequently, habeas relief is unavailable to him.  See Ganim v. Federal Bureau of Prisons, 235 Fed. Appx. 882, 884 (3d Cir. 2007)(holding that Ganim's challenge to the BOP's failure to transfer him from FCI Fort Dix to the Federal Correctional Camp at Otisville, New York, was not cognizable under § 2241); Bronson v. Demming, 56 Fed. Appx. 551, 553-54 (3d Cir. 2002)(unpubl.).

The Court of Appeals for the Third Circuit has explained that:

> whenever the challenge ultimately attacks the "core of habeas" the validity of the continued conviction or the fact or length of the sentence challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.  Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).  For example, in Bronson, petitioner brought habeas petitions to challenge the constitutionality of administrative decisions which placed him in a restricted housing unit within the prison.  See Bronson, 56 Fed. Appx. at 552.  The court of appeals rejected petitioner's argument that he may challenge the conditions of confinement in a habeas petition, since no matter what the outcome of the habeas petition, the fact or length of petitioner's incarceration would not be affected.  See id. at 554.

Also, in Jamieson v. Robinson, the Third Circuit noted that the relief requested by petitioner "would not serve to diminish the length of his incarceration," but rather sought "only to alter the conditions of his confinement."  641 F.2d 138, 141 (3d Cir. 1981).  The Third Circuit followed United States Supreme Court precedent in Preiser, to note that the district court was incorrect in finding that petitioner's claims challenging the availability of work release programs in prison sounded in habeas.  See Jamieson, 641 F.2d at 141.  Nevertheless, the court

9

of appeals found that despite this error, petitioner's claims were subject to dismissal. See id.

In the present case, Faruq's claims plainly involve conditions of prison life, not the fact or duration of his incarceration. He simply seeks a lower custody classification so that he may be transferred to a minimum security facility or camp. Thus, this action is more properly brought in an action under the Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202, or in a civil rights complaint under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[2]

---

[2] To the extent that Faruq argues that his custody classification status deprives him of liberty without due process in violation of the Fifth Amendment, his claims would appear to be without merit. See, e.g., Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976) ("As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."); Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976)(noting that prison classification and eligibility for rehabilitative programs in the federal prison system are matters delegated by Congress to the "full discretion" of federal prison officials, see 18 U.S.C. § 4081, and thus implicate "no legitimate statutory or constitutional entitlement sufficient to invoke due process"); Wesson v. Atlantic County Jail Facility, 2008 WL 5062028, *6 (D.N.J. Nov. 26, 2008)(it is well established that an inmate has no liberty interest in a particular custody level or place of confinement). See also Sandin v. Connor, 515 U.S. 472, 484-86 (1995)(holding that a liberty interest is implicated only where the action creates "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or creates a "major disruption in his environment"); Kentucky Dept. of Corrections v. Thompson, 490 U .S. 454, 463 (1989)(holding that a liberty interest arises only where a statute or regulation uses

Therefore, upon careful review of the petition as discussed above, this Court concludes that Faruq does not seek speedier or immediate release from custody, nor does he challenge the legality of his present incarceration.  Rather, Faruq simply disputes his custody classification level and seeks a transfer to a minimum security facility or camp, which is simply a challenge to the conditions of his confinement more appropriately remedied in a declaratory judgment or civil rights action under <u>Bivens</u>. <u>See</u> <u>Ganim</u>, 235 Fed. Appx. at 883-84.  Consequently, the petition will be dismissed without prejudice to any right Faruq may have to reassert his present claim in a properly filed civil rights complaint.[3]

---

"explicitly mandatory language" that instructs the decision-maker to reach a specific result if certain criteria are met).  <u>See also</u> <u>Marti v. Nash</u>, 227 Fed. Appx. 148, 150 (3d Cir. 2007)(inmate has no due process right to any particular security classification and, therefore, could not challenge his public safety factor of "greatest severity", which prevented his placement in a minimum security facility).

[3]  The Court notes that, should Faruq decide to file a civil rights complaint in this District Court, he must either pay the $350.00 filing fee or submit a complete <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP") application with his six month prison account statement, pursuant to 28 U.S.C. § 1915(a)(2).

**CONCLUSION**

Based on the foregoing, this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is hereby dismissed for lack of subject matter jurisdiction. An appropriate Order accompanies this Opinion.

                                                /s/ Noel L. Hillman
                                              NOEL L. HILLMAN
                                              United States District Judge

Dated: October 3, 2011

At Camden, New Jersey